## Goetz v. Goetz.

*Golder & Felger*, for libellant; *G. Butterworth*, for respondent.

MARTIN, P. J., June 25, 1928.—A libel was filed on Sept. 18, 1919, charging desertion. A subpœna issued and was returned *non est inventus*. An *alias* subpœna was also returned *non est inventus*. Publication was duly made. A master was appointed, who heard the testimony and filed a report recommending a divorce. The master's report was approved, and, after proclamation, on June 20, 1921, a final decree was entered divorcing the libellant from respondent.

On Aug. 10, 1921, respondent filed a petition, averring that she had not been served with the subpœna or libel, had no notice of the master's hearing or of the final rule for divorce; and that she had no knowledge of the proceedings until June 21, 1921, when she read in the "Evening Bulletin" a notice

that the divorce had been granted. She alleged in her petition that the only evidence to support the charge of desertion was the testimony of the libellant, denied that she deserted the libellant, alleged that he deserted her, and averred, if given an opportunity, she would prove "this charge by a considerable number of witnesses." The petition further averred that, during the pendency of the divorce proceedings and since her marriage to the libellant, she has been a resident of Philadelphia continuously, except for a period of about four months, from Oct. 12, 1916, until Feb. 4, 1917, during which time she visited Germany, and interviewed her husband's mother for the purpose of ascertaining his address. That the address given by libellant's mother directed her to Milwaukee, and when she wrote there, the postal authorities returned her letter, marked "No such street."

A rule was granted, returnable Aug. 29, 1921, to show cause why the decree of divorce should not be set aside and the case again referred to the master for the purpose of taking testimony. To this petition no answer was filed, and, on Aug. 29, 1921, the rule was made absolute and the master was directed to take further testimony .

A meeting was held on Dec. 19, 1921, when the respondent appeared before the master and stated that she was unable to procure the attendance of her witnesses. Another meeting was fixed for Jan. 5, 1922, when she was again unable to produce witnesses. On April 13, 1922, the respondent appeared and testified that she was married on July 14, 1914, and that the libellant left her on Aug. 15, 1916. She denied the truth of the testimony given by libellant, based upon which the master recommended a decree for divorce, and testified libellant told her he did not like married life and wanted to be single, and did not need any wife; when he lost his business he put all the blame on her and left her. That for eight weeks she was in a hospital, as the result of an operation, and when she returned home libellant said he did not like to be married, liked to be by himself and didn't want a wife, wanted her to give him money, and when she refused, blamed her for losing his business and said he was going, and would consent to give her $5 a week for support if she would let him go; and that she had never seen him from that time until November of the year previous to 1922, and when they met he denied his identify and asserted he was another man.

She swore that libellant's testimony was untrue, and stated that she wanted to start a suit herself, on the ground that libellant deserted her.

No further testimony was taken, and the master made a return of the evidence without any recommendation.

On June 4, 1928, respondent filed the petition now before the court, reciting the divorce proceedings, and averring that, believing the divorce was absolute, she entered into a marriage with Frederick Joe Jager, and continued in that relation until his death.

The petition prayed for leave to withdraw the petition she presented on Aug. 10, 1921, upon the filing of which the rule was granted to show cause why the divorce should not be set aside, and made absolute on Aug. 29, 1921; and prayed that the order setting aside the decree for divorce be vacated and an order be entered that the final decree of divorce entered June 20, 1921, be confirmed absolutely.

An answer was filed by libellant, averring that the purpose of respondent in having the order setting aside the divorce vacated by withdrawing her petition upon which the order was made, is to aid her to obtain a part of the estate of Joseph Jager, against the interest of his children by his former wife. It is denied in the answer that respondent believed the divorce was

absolute when she entered into the marriage relationship with Jager, but that she married him in 1918, the year before the divorce proceedings were instituted.

The court, having acted upon her petition granted Aug. 29, 1921, and set aside the decree of divorce, respondent should not now be allowed to withdraw that petition and change the record based upon it.

And now, to wit, June 25, 1928, the petition filed June 4, 1928, requesting leave to withdraw the petition filed Aug. 10, 1921, to set aside the decree of divorce, is refused.